UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAI HOSPITALITY MANAGEMENT
COMPANY, LLC, a Georgia Limited
Liability Company,

        Plaintiff,

v.                                       Case No. 2:20-cv-00280-JLB-MRM

ROCKHILL INSURANCE COMPANY,

        Defendant.
_____/

## ORDER

In this Hurricane Irma amount-of-loss dispute, Defendant Rockhill Insurance Company ("Rockhill") moves to: (1) dismiss Count II of Plaintiff SAI Hospitality Management Company, LLC's ("SAI") Amended Complaint with prejudice; and (2) strike SAI's allegations regarding consequential damages and attorneys' fees.  (Doc. 17); Fed. R. of Civ. P. 12(b)(6), 12(f)(2).  SAI does not oppose Count II's dismissal but argues that it should be dismissed without prejudice.

While Rockhill's motion was pending, the Supreme Court of Florida decided Citizens Property Insurance Corp. v. Manor House, LLC, No. SC19-1394, 2021 WL 208455 (Fla. Jan. 21, 2021), and the Court directed supplemental briefing on whether Manor House impacts any award of consequential damages in this case. Based on the parties' supplemental briefing, it appears that SAI no longer opposes striking its claims for consequential damages.  Thus, the only contested issue remaining is whether the Court should strike SAI's allegations regarding attorneys'

fees in this case.  After careful review, the Court holds that there is no basis to strike SAI's requests for attorneys' fees from its Amended Complaint.  In sum, Rockhill's motion to dismiss Count II is **GRANTED IN PART** without prejudice; its motion to strike is **GRANTED IN PART** and **DENIED IN PART**.

### LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.1998)).  A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under this standard, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice" and "should be granted only when the pleading to be stricken has no possible relation to the controversy."  Augustus v. Bd. of Pub. Instruction, 306 F.2d 862, 868 (5th Cir. 1962) (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)).  "[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to

determine disputed and substantial questions of law upon a motion to strike." Id. "Under such circumstances, the court may properly . . . defer action on the motion and leave the sufficiency of the allegations for determination on the merits." Id.

## DISCUSSION

**I. Count II is dismissed without prejudice.**

Rockhill argues, in relevant part, that the Court should dismiss with prejudice Count II for breach of fiduciary duty because there is typically no fiduciary relationship between insurers and insureds, and SAI has failed to plead facts that would establish such a relationship. (Doc. 17 at 9–14); Asokan v. Am. Gen. Life Ins. Co., 302 F. Supp. 3d 1303, 1317 (M.D. Fla. 2017) (quoting Doe v. Evans, 814 So. 2d 370, 374 (Fla. 2002)). SAI generally agrees but would like an opportunity to set forth facts establishing a special relationship between itself and Rockhill.[1] (Doc. 22 at 3.) Accordingly, the Court grants Rockhill's motion to dismiss Count II without prejudice to SAI to amend.

**II. The Court holds, and the parties agree, that SAI's request for consequential damages should be stricken according to the Supreme Court of Florida's recent decision in Manor House.**

In Manor House, the Supreme Court of Florida held that extra-contractual, consequential damages are not permitted in first-party insurance-actions that do not involve bad faith. 2021 WL 208455 at *4. SAI's Amended Complaint contains

---

[1] Some federal courts in Florida have collected examples of special relationships and relevant factors that non-Florida courts have considered when evaluating claims for breach of fiduciary duty. See, e.g., Am. K-9 Detection Servs., Inc. v. Rutherford Int'l, Inc., No. 6:14-cv-1988-Orl-37TBS, 2016 WL 2744958, at *13 (M.D. Fla. May 11, 2016) (quoting Tiara Condo. Ass'n, Inc. v. Marsh, USA, Inc., 991 F. Supp. 2d 1271, 1281 (S.D. Fla. 2014)).

3

general requests for consequential damages despite not including a bad faith claim. In its supplemental briefing, SAI concedes that Manor House renders extra-contractual consequential damages unrecoverable in this case, but it also points to specific contractual provisions which it claims permit recovery of lost profits and public adjuster fees. (Doc. 34 at 3.)

If SAI's reading of the contract is correct, then lost profits and public adjuster fees would simply be general damages for purposes of this case. See HCA Health Servs. of Fla., Inc. v. CyberKnife Ctr. of Treasure Coast, LLC, 204 So. 3d 469, 471 n.2 (Fla. 4th DCA 2016) ("While case law often refers to lost profits as consequential damages, lost profits do not always constitute consequential damages as a matter of law. For example, '[l]ost profits are recoverable as general damages where they flow directly and immediately from the breach of a contract.'" (quoting Bird Lakes Dev. Corp. v. Meruelo, 626 So.2d 234, 238 (Fla. 3d DCA 1993))).

But such discussions are premature at this stage of the litigation. For the time being, the parties agree that the Court should strike SAI's requests for consequential damages, and the Court obliges. This ruling does not affect SAI's ability to assert any proper claim for general contractual damages.

### III. There is no basis to strike SAI's request for attorneys' fees.

Finally, Rockhill asks the Court to strike SAI's request for attorneys' fees because: (1) it is insufficiently pleaded, and (2) the basis for fees that Rockhill presumes SAI will assert fails as a matter of law. (Doc. 17 at 7–9.)

Rockhill's first argument fails because it is framed entirely with Florida state law. The Eleventh Circuit generally applies federal pleading standards to requests

4

for attorneys' fees, and there is no special pleading requirement for attorneys' fees under federal law. See Cap. Asset Rsch. Corp. v. Finnegan, 216 F.3d 1268, 1270 (11th Cir. 2000) (explaining that failure to expressly request for attorneys' fees in the pleadings does not deprive a court of subject matter jurisdiction to entertain a postjudgment motion for fees); Cohen v. Off. Depot, Inc., 184 F.3d 1292, 1299 (11th Cir. 1999) (applying federal pleading standards to claim for punitive damages under Florida statute), vacated in part on other grounds, 204 F.3d 1069 (11th Cir. 2000); see also Inland Dredging Co. v. Panama City Port Auth., 406 F. Supp. 2d 1277, 1280 (N.D. Fla. 2005) ("[I]n this circuit . . . a party may recover attorney's fees without including in its pleadings a specific demand therefor.").

Rockhill's second argument fails because it attempts to refute a hypothetical argument in favor of attorneys' fees which is not advanced in the Amended Complaint. "In evaluating a motion to strike, the court . . . cannot consider matters beyond the pleadings." Carlson Corp./Se. v. School Bd., 778 F. Supp. 518, 519 (M.D. Fla. 1991) (citing U.S. Oil Co., Inc. v. Koch Refining Co., 518 F. Supp. 957, 959 (E.D. Wis. 1981)). "Thus, a motion to strike is not the proper vehicle for challenging matters not contained in pleadings." Pyzynski v. Thomas & Betts Corp., No. 6:16-cv-1998-Orl-40DCI, 2017 WL 9510591, at *1 (M.D. Fla. Nov. 16, 2017).

Rockhill proposes that SAI seeks to recover fees under section 627.428, Florida Statutes, and then proceeds to explain why an award of such fees would be improper under that statute. But SAI does not cite section 627.428 in the Amended Complaint. The only mention of attorneys' fees in the Amended Complaint is in the

5

wherefore clauses, which merely state that SAI is entitled to such fees. There is no reference to a statute, rule, or case to support SAI's request for attorneys' fees. Rockhill's argument goes far beyond the rote request for attorneys' fees SAI sets forth in the Amended Complaint. Thus, the Court declines to strike SAI's allegations regarding attorneys' fees at this juncture.

Accordingly, it is **ORDERED:**

1. Rockhill's motion to dismiss (Doc. 17) Count II of the amended complaint is **GRANTED IN PART**. Count II is dismissed **WITHOUT PREJUDICE.**

2. Rockhill's motion to strike (Doc. 17) is **GRANTED IN PART.** SAI's requests for consequential damages are stricken without prejudice to assert a claim for consequential damages in any future bad faith action. Otherwise, the motion is **DENIED**

3. **No later than February 23, 2021**, Rockhill shall answer the remaining count in the Amended Complaint

**ORDERED** in Fort Myers, Florida, on February 9, 2021.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**